UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESTATE OF THOMAS RICHARD FENNELLY, JR.** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-684-SDD-EWD** |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, ET AL.** | |

**NOTICE AND ORDER**

On October 14, 2020, the Estate of Thomas Richard Fennelly, Jr. ("Fennelly Estate"), by its Co-Administrators, Kelly F. Fennelly and Kara Green, filed their Complaint Wells Fargo Bank, National Association ("WF Bank"), Wells Fargo Clearing Services, LLC ("WF Clearing"), and Wells Fargo Advisors Financial Network, LLC ("WF Advisors") ("Defendants") in this Court regarding the Fennelly Estates' claim to funds in the individual retirement account of decedent Thomas Fennelly, Jr. held by Defendants. The Complaint alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] With respect to the amount in controversy, the Complaint specifically alleges that the amount in dispute is comprised of $271,180.86 and the Estate also specifically pled that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] Therefore, the amount in controversy is met.

Turning to the citizenship of the parties, the Complaint and Answer sufficiently allege that WF Bank, whose citizenship is based upon the state encompassing its main office, is a citizen of

---

[1] R. Doc. 1, ¶ 5. The Complaint explicitly premises jurisdiction under § 1332 and seeks a declaratory judgment. *Id.* at ¶¶ 5, 27. In the alternative, the Complaint alleges that the Fennelly Estate "*would consent* to conversion of the case to an interpleader matter in which the competing claimants may litigate these issues amongst themselves." *Id.* at ¶ 28 (emphasis added).
[2] R. Doc. 1, ¶¶ 5, 14.

South Dakota.³ However, citizenship has not been adequately alleged with respect to the Fennelly Estate or the remaining Defendants, WF Clearing and WF Advisors. The Complaint alleges that the "the Fennelly Estate is a citizen of the State of Louisiana."⁴ However, this allegation is unclear. The citizenship of the decedent Thomas Fennelly, Jr. and the Co-Administrators, who are alleged to be surviving heirs of decedent and therefore apparently interested stakeholders to the funds in dispute, was not provided.⁵ "[F]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."⁶ Accordingly, the Fennelly Estate must plead the domicile of decedent and the Co-Administrators.

With respect to Defendants, Paragraphs 3 and 4 of the Complaint provide, in pertinent part, as follows:

> 3. WF [Clearing] is a foreign corporation organized under the laws of Delaware, with its principal place of business in Delaware. WFCS is a citizen of the State of Delaware within the meaning and intent of 28 U.S.C. § 1332. WFCS is authorized to do business in the State of Louisiana.
>
> 4. WF [Advisors] is a foreign corporation organized under the laws of Delaware, with its principal place of business in Delaware. WFAFN is a citizen of the State of Delaware within the meaning and intent of 28 U.S.C. § 1332. WFAFN is authorized to do business in the State of Louisiana.⁷

Likewise, the Answer pleads the following:

> 3. Wells Fargo denies the allegations contained in paragraph 3 of the complaint except to admit that Wells Fargo Clearing Services, LLC is a broker-dealer registered with the U.S. Securities and Exchange Commission, organized in the state of Delaware with its principal place of business located in Missouri.

---

³ R. Doc. 1, ¶¶ 1-2; R. Doc. 7, ¶ 2 *and see* 28 U.S.C. § 1348 and *Wachovia Bank v. Schmidt,* 546 U.S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) (national bank is "located," for diversity jurisdiction purposes, in state designated in its articles of association as locus of its main office, not in every state where it has branch offices).
⁴ R. Doc. 1, ¶ 1.
⁵ *See Harris v. Johnson,* 345 F. Supp. 516, 517 (N.D. Miss. 1972) (recognizing that the court has "held on numerous occasions that the citizenship of the personal representative of the decedent is determinative of the diversity issue"). *But see* 28 U.S.C. 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…")
⁶ *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
⁷ R. Doc. 1, ¶¶ 3-4.

>4. Wells Fargo denies the allegations contained in paragraph 4 of the complaint except to admit that Wells Fargo Advisors Financial Network, LLC is a broker-dealer registered with the U.S. Securities and Exchange Commission organized in the state of Delaware with its principal place of business located in Missouri.[8]

Both the Complaint and the Answer state the place of incorporation and principal place of business for WF Clearing and WF Advisors, and the Complaint alleges that they are "foreign corporations"; however, the names of these entities contain the designation "LLC," which indicates that they are not corporations, but rather, limited liability companies.[9]

For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[10] Further, allegations that members of limited liability companies are "citizens of" a designated state are insufficient. The members of each limited liability company must be specifically identified by name.[11] Negative allegations of citizenship,

---

[8] R. Doc. 7, ¶¶ 3-4.

[9] *See, e.g.,* Del. Code Ann. tit. 6, § 18-102 ("The name of each limited liability company as set forth in its certificate of formation: (1) Shall contain the words "Limited Liability Company" or the abbreviation "L.L.C." or the designation "LLC"….).

[10] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[11] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted,* No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See*, *Cavender Enterprise Leasing Family, LLC v. First State Investors 4200 LLC*, No. 10-1667, 2011 WL 3664563, at **1 & 3 (W.D. La. July 21, 2011) (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also Gabler v. HA Housing, LP*, No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity."). *See also Advocate Fin., L.L.C. v. Maher,* No. 10-24, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010) (Plaintiff must identify each member of the defendant law firm limited

*i.e.*, "none of the members are citizens of" a particular state are also insufficient, as citizenship must be affirmatively alleged.[12] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[13] Finally, while WF Advisors contends that it is "improperly sued as" WF Bank and WF Clearing, all three entities are currently named as Defendants in this matter and therefore the citizenship of all three must be alleged.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[14]

Accordingly,

**IT IS ORDERED** that, on or before **December 18, 2020,** Plaintiff Estate of Thomas Richard Fennelly, Jr., by its Co-Administrators, Kelly F. Fennelly and Kara Green, shall file a motion to substitute the Complaint[15] with a proposed pleading that is a comprehensive amended Complaint (*i.e.*, includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity

---

liability company and allege their individual citizenships, *citing Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)).

[12] *Truxillo v. American Zurich Ins. Co.*, No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016) (*citing Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013)). "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged." *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (*quoting Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

[13] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[15] R. Doc. 1.

4

jurisdiction over the case and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 11, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**