UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESTATE OF THOMAS RICHARD FENNELLY, JR.** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-684-SDD-EWD** |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, ET AL.** | |

## NOTICE AND ORDER SETTING TELEPHONE CONFERENCE

On October 14, 2020, the Estate of Thomas Richard Fennelly, Jr. ("Fennelly Estate"), by its Co-Administrators, Kelly F. Fennelly and Kara Green, filed their original Complaint in this Court against Wells Fargo Bank, National Association ("WF Bank"), Wells Fargo Clearing Services, LLC ("WF Clearing"), and Wells Fargo Advisors Financial Network, LLC ("WF Advisors") (collectively, "Defendants") regarding the Fennelly Estates' claim to funds in the individual retirement account of decedent Thomas Fennelly, Jr. ("Decedent") held by Defendants. The original and Amended Complaint[1] allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] With respect to the amount in controversy, the Amended Complaint specifically alleges that the amount in dispute is comprised of $271,180.86 and the Fennelly Estate also specifically pled that the amount in controversy exceeds $75,000, exclusive of interest and costs.[3] Therefore, the amount in controversy is met for the purposes of diversity jurisdiction.

---

[1] Because the original Complaint failed to adequately establish complete diversity, the Court *sua sponte* ordered the Fennelly Estate to file an Amended Complaint properly alleging the citizenship of the Fennelly Estate, including Decedent, Kelly, and Kara, as well as that of WF Clearing and WF Advisors. R. Doc. 10.
[2] R. Doc. 11, ¶ 5. The Amended Complaint explicitly premises jurisdiction on 28 U.S.C. § 1332 and seeks a declaratory judgment. *Id.* at ¶¶ 5, 27. In the alternative, the Amended Complaint alleges that the Fennelly Estate "*would consent* to conversion of the case to an interpleader matter in which the competing claimants may litigate these issues amongst themselves." *Id.* at ¶ 28 (emphasis added).
[3] R. Doc. 11, ¶¶ 5, 14, 25.

The Amended Complaint and Amended Answer of Defendants sufficiently establish that the *original* parties to this proceeding are of diverse citizenship. Specifically, on the Plaintiff's side, Decedent was a citizen of Louisiana at the time of his death. Thus, according to Defendants, "The Fennelly Estate is a citizen of Louisiana."[4] On the Defendants' side, WF Bank is a citizen of South Dakota, which is based upon the state where its main office is located.[5] WF Clearing and WF Advisors are both limited liability companies whose underlying members' citizenships ultimately unwind to the states of Delaware and North Carolina.[6]

Along with Defendants' Answer, two derivative actions were filed.[7] The first was a Fed. R. Civ. P. 14 Third Party Complaint against Decedent's former girlfriend Doris Carline ("Carline"),[8] who is also interested in the funds as the beneficiary named by Decedent.[9] While Carline is a citizen of Louisiana, she is still diverse from Defendants, and thus, Defendants' assertion of the Third Party Complaint against Carline did not offend jurisdiction.[10] Additionally, Defendants' simultaneously-filed Fed. R. Civ. P. 22 Cross-Claim for Interpleader ("Rule Interpleader") against the Estate and Carline is permitted by Fed. R. Civ. P. 13 and 22,[11] and the

---

[4] R. Doc. 11, ¶ 1. To the extent the citizenships of Kelly F. Fennelly ("Kelly") and Kara Green ("Kara"), the Co-Administrators of the Fennelly Estate, are relevant because they are the legal representatives of the Fennelly Estate, surviving heirs of Decedent and are interested stakeholders to the funds in dispute, Kelly and Kara are citizens of Washington and Michigan, respectively *See Harris v. Johnson,* 345 F. Supp. 516, 517 (N.D. Miss. 1972) (recognizing that the court has "held on numerous occasions that the citizenship of the personal representative of the decedent is determinative of the diversity issue"). *But see* 28 U.S.C. 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…").

[5] R. Doc. 11, ¶ 2; R. Doc. 21, ¶ 2 *and see* 28 U.S.C. § 1348 and *Wachovia Bank v. Schmidt,* 546 U.S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) (national bank is "located," for diversity jurisdiction purposes, in state designated in its articles of association as locus of its main office, not in every state where it has branch offices).

[6] R. Doc. 11, ¶¶ 3-4; R. Doc. 21 ¶¶ 3-4.

[7] R. Doc. 21.

[8] R. Doc. 27, ¶ 16; R. Doc. 28, ¶ 36.

[9] R. Doc. 21 *and see* ¶ 34 (Carline is the designated beneficiary), ¶ 35 (Carline has a claim to the funds) and ¶ 40 (Carline is a citizen of Louisiana). *See also* R. Doc. 28, ¶¶ 2, 18, 32.

[10] *See* Fed. R. Civ. P. 14.

[11] *See* Fed. R. Civ. P. 22 (a)(1) and (2): *"*(a) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though: (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or (B) the plaintiff denies liability in whole or in part to any or all

elements of Rule Interpleader appeared to be met, *i.e.*, complete diversity between the disinterested stakeholder Defendants[12] on one side and the competing claimants (Kelly and Kara, with and on behalf of the Fennelly Estate, and Carline) on the other side, over an amount in excess of $75,000, exclusive of interest and costs.[13]

Additional derivative actions have since been asserted that have raised a red flag regarding subject matter jurisdiction; in particular, the Fennelly Estate and Carline have asserted Cross-Claims against each other.[14] However, the citizenship of the Fennelly Estate, to the extent that it is based on that of Decedent (Louisiana) (in addition to Kelly (Washington) and Kara (Michigan)), is not diverse from Carline (Louisiana). Notably, the Fennelly Estate admits that its citizenship is (at least partly) Louisiana, as is Carline's,[15] and the Fennelly Estate did not originally name Carline as a party to the Complaint, presumably because it is aware that Carline's citizenship is not diverse. The Fennelly Estate and Carline both assert that the Court has supplemental jurisdiction over their Cross-Claims pursuant to 28 U.S.C. § 1367,[16] however, as these claims could not have originally been asserted by these parties against each other prior to Carline being named as a third party defendant, it appears as though these Cross-Claims run afoul of 28 U.S.C. § 1367(b).[17] It is also

---

of the claimants. (2) By a Defendant. A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim." *See also* Fed. R. Civ. P. 13 (governing the assertion of cross-claims and counterclaims).
[12] R. Doc. 21, ¶¶ 37, 48.
[13] "Subject-matter jurisdiction in suits brought under Rule 22(1) is based on the general-federal-question and diversity-of-citizenship jurisdiction grants found in the United States Code." *Hartford Life & Accident Ins. Co. v. Varnado*, No. 16-15, 2016 WL 9525709, at *2 (M.D. La. Apr. 20, 2016), *citing* Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ. § 1703 (3d ed)(citation omitted). *See also Hussain v. Bos. Old Colony Ins. Co.,* 311 F.3d 623, 635 (5th Cir. 2002) ("Section 1332 jurisdiction under Rule 22 (rule interpleader) requires: (1) complete diversity of citizenship, which is met when the stakeholder is diverse from all the claimants, even if citizenship of the claimants is not diverse; and (2) an amount-in-controversy that exceeds $75,000 exclusive of interest and costs. *See* 4 Moore's Federal Practice § 22.04[2][a].").
[14] R. Docs. 27 and 28.
[15] R. Doc. 11, ¶ 1 and R. Doc. 21, ¶ 40. *See also* R. Doc. 28, ¶ 32.
[16] R. Doc. 27, ¶ 13 and R. Doc. 28, ¶ 34.
[17] 28 U.S.C. § 1367(b): "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs

not clear whether Defendants' Cross-Claim for Interpleader/converting this action into a Rule Interpleader cures the jurisdictional problem. The claimants' competing claims to the funds held by the disinterested stakeholder Defendants are clearly governed by Fed. R. Civ. P. 22 and do not offend diversity jurisdiction, but it is not clear that the Fennelly Estate's and Carline's tort claims against each other (*i.e.*, undue influence, unjust enrichment, *etc.*) asserted in their respective Cross-Claims[18] have a jurisdictional basis.

Accordingly, **IT IS ORDERED** that a telephone conference is set for **April 23, 2021 at 11:30 a.m.** to discuss the issues set forth in this Notice and Order, including: (1) the citizenship of the Fennelly Estate; (2) whether supplemental jurisdiction currently exists over the Cross-Claims asserted by the Fennelly Estate and by Carline; and (3) whether Defendants' Cross-Claim for Interpleader/converting this action into a Rule Interpleader would cure the apparent jurisdictional defect associated with the tort claims raised in the Cross-Claims of non-diverse parties, the Fennelly Estate and Carline. Counsel participating in the telephone conference shall call 877-336-1839 using access code 9565780 five minutes prior to conference.

Signed in Baton Rouge, Louisiana, on April 13, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."
[18] R. Doc. 27, p. 2 and R. Doc. 28, p. 4.